IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION
CASE NO:   9:16-cv-03097-DCN

| | | |
|---|---|---|
| Ronald Williams, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | **Jury Trial Demanded** |
| | ) | |
| Wal-Mart Stores, Inc., Wal-Mart Stores | ) | |
| East, LP, and Wal-Mart Stores East, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff, Ronald Williams, by and through counsel, for his Complaint against Defendants Wal-Mart Stores, Inc., Wal-Mart Stores East, LP, and Wal-Mart Stores East, Inc., states as follows:

## INTRODUCTION

1.     On or about December 13, 2013, a portable plastic gas can manufactured by Blitz U.S.A., Inc., and sold by Defendants, exploded causing Plaintiff Ronald Williams to suffer severe burns and injuries resulting in substantial medical expenses, disfigurement, and other recoverable damages, including impairment of the power and ability to labor and earn money. This action is brought against Defendants pursuant to the laws of the State of South Carolina to recover compensatory and punitive damages to which Plaintiff is entitled as a result of the injuries suffered by Plaintiff.

## PARTIES AND JURISDICTION

2.     Plaintiff Ronald Williams a citizen and resident of Beaufort County, South Carolina.

3. Defendant Wal-Mart Stores, Inc. is a Delaware corporation engaged in substantial business in South Carolina, with its principal place of business located in Bentonville, Arkansas.

4. Defendant Wal-Mart Stores East, LP is a Delaware limited partnership engaged in substantial business in South Carolina, with its principal place of business located in Bentonville, Arkansas.

5. Defendant Wal-Mart Stores East, Inc., is an Arkansas corporation engaged in substantial business in South Carolina, and its principal place of business located in Bentonville, Arkansas. All three defendants are hereinafter referred to collectively as "Wal-Mart."

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of seventy-five thousand dollars, exclusive of interests and costs, and because there is diversity of citizenship between Plaintiff and Defendants.

7. This Court has personal jurisdiction over Defendants because the events giving rise to this cause of action took place in this District, Defendants have sufficient minimum contacts with this District, and/or otherwise intentionally and purposefully availed themselves of the privilege of conducting business in the State of South Carolina and by placing products into the stream of commerce, including the gas can at issue in the instant matter, deriving substantial revenue from goods sold and used in the State of South Carolina, and by advertising their products and establishing retail facilities within the State of South Carolina. Accordingly, the exercise of personal jurisdiction over Defendants complies with judicial notions of fair play and substantial justice.

8. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim at issue occurred in whole or in part within this district and within this division.

## FACTUAL BACKGROUND

9.      In November 2013, Plaintiff purchased a 5-gallon plastic portable gas can (hereinafter "gas can") from Defendants' retail store near his home in South Carolina.

10.     On or about December 13, 2013, Plaintiff used the gas can for the first time to burn trash in a 55-gallon barrel. Immediately after igniting the trash, the flames flashed back into the gas can, causing the gas can to rupture and explode, spewing burning gasoline and flames, causing the gas can itself to fly into the air, and knocking Plaintiff to the ground. The explosion caused severe injury to Plaintiff.

11.     Wal-Mart placed the gas can into the stream of commerce and sold the gas can to Plaintiff. In connection with the sale, Wal-Mart warranted that the gas can was fit for ordinary purposes and not unreasonably dangerous.

12.     Plaintiff utilized the gas can in an ordinary and reasonable manner in which the gas can was intended and reasonably expected to be used. Defendants were aware that gas can owners used the gas cans to pour gas as an ignition source, and thus, Plaintiff's use of the gas can was reasonably foreseeable.

13.     The gas can was not modified or altered after leaving Defendants' control. The gas can was defective and unsafe for its intended purpose and use at the time it left the control of Defendants in that the design failed to include a flame arrestor device, a necessary safety device that would have prevented Plaintiff's injuries.

14.     Flame arrestors are used in plastic gas cans. Prior to the manufacture and sale of the gas can, Defendants were aware that other manufacturers used flame arrestors in plastic gas cans.

15.     Defendants knew or should have known of the gas can's susceptibility to ignite and explode because of the lack of flame arrestor, caused when gasoline vapors ignite and flames trail back into the can, causing the can to rupture and explode, spewing fire and burning gasoline.

16.     Prior to purchasing the gas can from Defendants, Plaintiff was unaware that the gas can did not contain a flame arrestor, could have included a flame arrestor, and that without a flame arrestor, a fire could follow fumes and flash back into the gas can resulting in explosion.

17.     As a direct and proximate result of Defendants' acts and/or omissions in the design, manufacture, assembly, marketing, distribution and sale of the portable plastic gas cans without a flame arrestor, Plaintiff suffered and continues to suffer severe personal injuries, including but not limited to severe burns, physical disfigurement, physical pain and impairment, and other recoverable damages as described herein.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION – DESIGN DEFECT

18.     Plaintiff incorporates by reference each of the foregoing allegations as though fully set forth herein.

19.     The gas can marketed, distributed and sold by Defendants was defective and/or unreasonably dangerous when sold to Plaintiff.

20.     The gas can was designed, marketed, distributed and sold by Defendants and caused Plaintiff's severe injuries.

21.     Defendants are engaged in the business of selling portable gas cans, including the specific gas can in the instant matter, to consumers within the stream of commerce, including to Plaintiff.

22.     Defendants knew and expected the gas can to ultimately reach residential consumers and users without substantial change to the condition in which it was originally sold through the course of trade.

23.      The gas can was without substantial change in the condition from which it was originally sold by Defendants.

24.     The gas can failed under foreseeable circumstances, when being used as intended and for its ordinary purposes.

25.     At the time the gas can left Defendants' control, and at all times thereafter, safer alternative designs were available that would have eliminated the risk of the portable plastic gas can exploding without substantially impairing its usefulness and the intended purpose of the product.

26.     The gas can was defective and unreasonably dangerous in that its design and construction did not incorporate a flame arrestor, a technologically and economically feasible safety device that would have prevented the explosion, and in turn, prevented Plaintiff's injuries.

27.     A flame arrestor, sometimes called a flame arresting screen, spark arrestor or flash arrestor, is a small metal device consisting of either a perforated metal screen, or a wire mesh screen. A flame arrestor is placed in a container's openings and allows liquids to flow out of the container but prevents the flashback of flames back into the container.

28.     The efficacy of flame arrestors is widely known and accepted in the gasoline manufacturing industry, and particularly with respect to the manufacturers of portable gas cans. They were originally placed in industrial gas cans in the 1920s and were regularly placed in consumer gas cans by at least 1978.

29.     Defendants knew or should have known, for decades prior to Plaintiff's injury, that gas cans without flame arrestors were susceptible to flashback (i.e., when gasoline vapors outside the container ignite and the flames trail back inside the container causing it to rupture and explode spewing flames and burning gasoline).

30.     Without incorporating a flame arrestor in the gas can, the foreseeable risk of injury and/or death associated with explosions and the use of plastic portable gas cans far exceeds any utility and/or benefits associated with the design.

31.     For more than a quarter century, the utility, efficacy and safety features of flame arrestors have been a topic of discussion in national publications, and in the media due to numerous lawsuits filed by consumers, users, and bystanders that have been injured, burned, or killed by portable gas cans that were not equipped with flame arrestors.

32.     Despite the availability of scientific knowledge concerning flame arrestors, Defendants continue to make the conscious decision to endanger the safety of consumers, users and bystanders by selling gas cans that do not incorporate flame arrestors. Defendants continue to refuse to sell gas cans that include a well-known and widely-accepted safety device that is economically and technologically feasible.

33.     As a direct and proximate result of Defendants' acts or omissions as described herein, and as a direct and proximate result of the defective design of the gas can, Plaintiff suffered severe injuries and burns.

34.     As such, Defendants are liable pursuant to the provisions of South Carolina Defective Products Act, S.C. Code Ann. 15-73-10, et seq., and Plaintiff is entitled to an award of damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION – FAILURE TO WARN

35.     Plaintiff incorporates by reference each of the foregoing allegations as thought fully set forth herein.

36.     Defendants failed to provide adequate warnings that would are reasonably calculated to inform a reasonably prudent person given that its warnings were not conspicuous due to the failure to warn that the gas can itself could explode, and the red-on-red coloring.

37.     At the time the gas can left Defendants' control, foreseeable users and consumers such as Plaintiff, were not and still are not, likely to possess knowledge of the extent and magnitude of the risks associated with using the gas can. As such, foreseeable users and consumers could not avoid the product's inherent dangers through the exercise of ordinary and reasonable care.

38.     Conversely, Defendants knew that the gas cans as designed were unreasonably dangerous and posed significant risk of injury to consumers, users, and bystanders. Defendants were aware of the risk and in the best position to warn against it.

39.     As a direct and proximate result of one or more of Defendants' failures to warn of the dangers posed by the gas can's defective design, Plaintiff suffered severe injury and is entitled to an award of damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION – BREACH OF WARRANTY

40.     Plaintiff incorporates by reference each of the foregoing allegations as though fully set forth herein.

41.     Defendants by and through the sale of the gas cans, warranted to consumers and/or foreseeable users, such as Plaintiff, that the container was fit for its ordinary and foreseeable purposes.

42.    Plaintiff used the gas can only once and used the gas can in the ordinary and foreseeable manner in which it was intended in reliance on said warranties.

43.    The gas can was defective and unfit for its ordinary and foreseeable purposes, rendering it unreasonably dangerous and in breach of said warranties.

44.    Defendants' breach of these warranties includes, but is not limited to:

    a.  The failure of the gas can;

    b.  The failure to require that the gas cans be equipped with a flame arrestor and/or other safety device to make the gas can safe for its ordinary and foreseeable use;

    c.  The failure to require that the gas cans be equipped with a flame arrestor and/or other safety device to make the gas can safe for its foreseeable environment;

    d.  The failure to provide adequate warnings about the inherent dangers involved in the use of the gas cans without a flame arrestor, and improper marketing;

    e.  The failure to warn the gas cans were not equipped with a flame arrestor or other safety device, unlike other available gas cans sold elsewhere;

    f.  The failure to assure that the gas cans by design included a flame arrestor;

    g.  The failure to protect foreseeable users of the gas cans from the dangers present in the use of such container, which dangers were known by Defendants;

    h.  The failure to recall and/or repair the product;

i.   The failure to protect foreseeable users of the gas can from the dangerous present in the use of such container, which dangerous Defendants knew or should have known existed;

45.   Plaintiff further alleges that the breaches of warranties include:

a.   That Defendants knew or should have known the gas can as sold posed a risk of flammable vapor ignition, flashback and explosion to consumers and foreseeable users beyond that understood or contemplated by the ordinary reasonable consumer;

b.   That Defendants knew or should have known the gas can posed significant risks associated with its design that far outweighed any utility of the gas can;

c.   That Defendants knew or should have known of alternative designs, including a flame arrestor, that would have significantly reduced and/or eliminated the significant risks of flammable vapor ignition and yet failed to employ feasible design alternatives;

d.   That Defendants knew or should have known that consumers would use gas cans to start and/or maintain fires, creating a significant and unreasonable hazard of vapor ignition and resulting fire, without appropriate design features to prevent flashback, such as a flame arrestor;

e.   That Defendants placed on the market and in the stream of commerce a gas can that was unfit for its intended use and purpose; and

f.   That Defendants placed on the market and in the stream of commerce a gas can that was not safe for the ordinary purpose for which it was sold.

46.    As a direct and proximate result of Defendants' breaches of said warranties as described herein, the gas can was placed into the stream of commerce in a defective and unreasonably dangerous condition.

47.    The injuries suffered by Plaintiff and the manner by which they occurred were foreseeable to Defendants, as Defendants possessed actual, superior knowledge about the gas cans and knew or should have known from within the industry, industry standards, national publications, media reports, prior claims, and lawsuits, that consumers, users, children, and bystanders were repeatedly injured, burned and/or killed when encountering gas cans sold by Defendants.

48.    As a direct and proximate result of said breaches of warranty, Plaintiff suffered severe injuries and burns and is entitled to an award of damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION – NEGLIGENCE**

49.    Plaintiff incorporates by reference each of the foregoing allegations as though fully set forth herein.

50.    Defendants owe the duty of reasonable care in the marketing, distribution and sale of gas cans to foreseeable users, and consumers, including Plaintiff.

51.    Defendants' breaches of this duty include but are not limited to:

a.    failing to sell a reasonably safe gas can;

b.    marketing, distributing and selling a defective gas can;

c.    placing into the stream of commerce a gas can that was defective in design;

d.    placing into the stream of commerce a gas can that was unfit for its intended use and purpose;

e.  placing into the stream of commerce a gas can that was defective in that it failed to contain adequate warnings and instructions;

f.  placing into the stream of commerce a gas can likely to cause severe injury through no fault of the user;

g.  placing into the stream of commerce a gas can likely to cause severe injury in its ordinary use;

h.  placing into the stream of commerce a gas can that contained manufacturing defects;

i.  failing to properly test the gas cans and prototypes with flame arresting material;

j.  failing to require that the gas cans sold by Defendants include flame arrestors in the product design;

k.  failing to provide adequate warnings that would be visible to consumers and that would convey a fair indication of the nature and extent of the danger involved in using the gas cans;

l.  failing to provide adequate instructions and warnings with the product after learning, knowing and having reason to know that a safety device existed and without such device, the gas cans are unreasonably dangerous and defective under well-known and widely-accepted standards existing prior to the manufacture and sale of the gas cans;

m.  failing to actively seek information regarding incidents and injury in which consumers, users and bystanders were injured and/or killed due to the gas cans;

n.  failing to actively seek information regarding incidents and injury regarding explosions and internal combustion of the gas cans;

o.  failing to investigate scientific, industry and technological information and studies that were available regarding the efficacy and safety features of the flame arrestors;

p.  failing to follow Wal-Mart's own safety protocols and internal policies and procedures when faced with incident reports concerning a dangerous product;

q.  failing to investigate and/or ignoring other lawsuits, claims and similar incidents involving consumers, users, children or bystanders that were severely injured, burned and/or killed when encountering such portable plastic gas cans;

r.  failing to warn that the gas can was not equipped with well-known and widely-accepted safety devices;

s.  failing to warn that the gas can as sold posed a risk of flammable vapor ignition, flashback and explosion to users beyond any risk understood or contemplated by ordinary, reasonable consumers, and that the significant risks associated with this design outweighed any utility; and

t.  selling gas cans without appropriate design features to prevent ignition and flashback when used in a way that Defendants knew or should have known that consumers would use the gas cans, creating an unreasonable hazard of vapor ignition and resulting fire and explosion.

52. As a direct and proximate result of Defendants negligence, negligent acts and/or omissions, the gas cans that caused Plaintiff's injuries, were placed in the stream of commerce in a defective and unreasonably dangerous condition.

53. Plaintiff's injuries, and the manner in which they occurred were foreseeable to Defendants. Defendants had actual and/or constructive knowledge from within the industry, of industry standards, via national publications, media reports, prior claims, and litigation, that consumers, users and bystanders were routinely injured, burned and/or killed when using gas cans with no flame arrestor.

54. Defendants knowingly and/or recklessly sold a defective product without conspicuously warning consumers of the inherent danger present in the gas cans due to the lack of flame arrestor, despite Defendants possessing actual, superior knowledge about the lack of a flame arrestor.

55. As a direct and proximate result of one or more of Defendants' negligent acts and/or omissions as described herein, Plaintiff was caused to sustain personal injuries, both of a temporary and permanent nature to his person, resulting in the following damages:

    a. Mental and physical pain and suffering both of a temporary and permanent nature in a sum to be determined at trial;

    b. Temporary and permanent impairment to labor and earn money in a sum to be determined at trial;

    c. Physical injury and the costs related to medical treatment of injuries, including hospital, medical and other rehabilitative expenses and future sums of money future medical care and treatment in an amount to be determined at trial.

## DAMAGES

56.     Plaintiff incorporates by reference each of the foregoing allegations as though fully set forth herein.

57.     Defendants caused Plaintiff significant, permanent injury and harm as a result of negligence and other tortious conduct as described herein. Plaintiff demands compensatory damages consistent with South Carolina law for the harm and injury inflicted by Defendants, including but not limited to:

> a.   Past and future costs of medical treatment and care;
>
> b.   Past and future lost wages, other recoverable economic losses;
>
> c.   Past and future emotional distress;
>
> d.   Past and future pain and suffering; and

58.     Defendants have acted negligently and/or recklessly with such willful disregard and/or absence of due care and/or gross negligence such that punitive damages are appropriate.

59.     Defendants refused to incorporate a flame arrestor in the gas cans, despite actual knowledge of the feasibility and relative inexpensive nature of such a device, and continued to sell the defective product despite knowledge that if consumers used the gas can in the manner intended, horrific and catastrophic injuries would likely result. Defendants had actual knowledge of catastrophic injuries suffered by similarly situated users, and actual knowledge that a flame arrestor would prevent such injuries as those suffered by Plaintiff.

## JURY DEMAND

Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests:

a.   A trial by jury on all issues of fact herein;

b.   Compensatory and punitive damages due and owed in an amount to be determined by

a jury at the trial of this matter, as well as attorney's fees and costs;

c.   Prejudgment interest;

d.   And any other such relief as this court deems just and proper.

/s/ Mark B. Tinsley
Mark B. Tinsley Fed. ID No. 7160
P.O. Box 1000
265 Barnwell Highway
Allendale, SC 29810
(803) 584-7676
(803) 584-3614 (facsimile)
mark@goodingandgooding.com

ATTORNEY FOR PLAINTIFF

September 13, 2016
Allendale, South Carolina.