

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

MATTHEW J. PERRY, JR., FEDERAL COURTHOUSE
901 RICHLAND STREET
COLUMBIA, SOUTH CAROLINA 29201

ROBIN L. BLUME
CLERK OF COURT

August 31, 2021

TELEPHONE (803) 765-5789
FAX (803) 765-5469

John T. Lay, Esq.
Gallivan, White & Boyd
Post Office Box 7368
Columbia, SC 29202

    Re:    Williams v. Wal-Mart Stores Inc., et al.
            9:16-cv-03097

Dear Mr. Lay:

    I have been contacted by Judge David C. Norton who presided over the above-mentioned case. Judge Norton informed me that it has been brought to his attention that while he presided over this case, he owned stock in Wal-Mart, Inc. His ownership of stock neither affected nor impacted any decisions in this case. However, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Norton directed that I notify the parties of the conflict.

    Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

    Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

    With Advisory Opinion 71 in mind, you are invited to respond to Judge Norton's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before September 15, 2021. Any response will be considered by another judge of this court without the participation of Judge Norton.

Sincerely,

Robin L. Blume
Clerk of Court



UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

MATTHEW J. PERRY, JR., FEDERAL COURTHOUSE
901 RICHLAND STREET
COLUMBIA, SOUTH CAROLINA 29201

ROBIN L. BLUME　　　　　　　　　　　　　　　　　　　　　　　　　　　TELEPHONE (803) 765-5789
CLERK OF COURT　　　　　　　　　　August 31, 2021　　　　　　　　　　　FAX (803) 765-5469

Mark B. Tinsley, Esq.
Gooding and Gooding
Post Office Box 1000
Allendale, SC 29810

　　　　Re:　　Williams v. Wal-Mart Stores Inc., et al.
　　　　　　　 9:16-cv-03097

Dear Mr. Tinsley:

　　　　I have been contacted by Judge David C. Norton who presided over the above-mentioned case. Judge Norton informed me that it has been brought to his attention that while he presided over this case, he owned stock in Wal-Mart, Inc. His ownership of stock neither affected nor impacted any decisions in this case. However, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Norton directed that I notify the parties of the conflict.

　　　　Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on
> disqualification as soon as those facts are learned, even though that
> may occur after entry of the decision. The parties may then determine
> what relief they may seek and a court (without the disqualified judge)
> will decide the legal consequence, if any, arising from the participation
> of the disqualified judge in the entered decision.

　　　　Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

　　　　With Advisory Opinion 71 in mind, you are invited to respond to Judge Norton's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before September 15, 2021. Any response will be considered by another judge of this court without the participation of Judge Norton.

　　　　　　　　　　　　　　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　　　　　　　　　　　　　　Robin L. Blume

　　　　　　　　　　　　　　　　　　　　　　　　　　　Robin L. Blume
　　　　　　　　　　　　　　　　　　　　　　　　　　　Clerk of Court



UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

MATTHEW J. PERRY, JR., FEDERAL COURTHOUSE
901 RICHLAND STREET
COLUMBIA, SOUTH CAROLINA 29201

ROBIN L. BLUME
CLERK OF COURT

August 31, 2021

TELEPHONE (803) 765-5789
FAX (803) 765-5469

Ronald K. Wray, II, Esq.
Gallivan, White & Boyd
55 Beattie Place, Suite 1200
Greenville, SC 29601

    Re:    Williams v. Wal-Mart Stores Inc., et al.
            9:16-cv-03097

Dear Mr. Wray:

    I have been contacted by Judge David C. Norton who presided over the above-mentioned case. Judge Norton informed me that it has been brought to his attention that while he presided over this case, he owned stock in Wal-Mart, Inc. His ownership of stock neither affected nor impacted any decisions in this case. However, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Norton directed that I notify the parties of the conflict.

    Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

    Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

    With Advisory Opinion 71 in mind, you are invited to respond to Judge Norton's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before September 15, 2021. Any response will be considered by another judge of this court without the participation of Judge Norton.

Sincerely,

*Robin L Blume*

Robin L. Blume
Clerk of Court